# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:23-cv-00223-MR

| | |
|---|---|
| DAVID MEYERS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending are the Plaintiff's pro se "Consolidated Motion" [Doc. 4] and Motion to Issue Subpoena [Doc. 8].[1] The Plaintiff applied to proceed in forma pauperis. [Doc. 6].

## I. BACKGROUND

The pro se Plaintiff, who is presently incarcerated at the Alexander Correctional Institution, filed this civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act, addressing incidents that allegedly occurred at the Charlotte

---

[1] Titled "Memorandum." The Plaintiff is cautioned that, in future, "[o]nly Motions will be ruled on by the Court." [<u>See</u> Doc. 3 at ¶ 5 (Order of Instructions)].

federal courthouse in 2022 and 2023. [Doc. 1]. The Plaintiff names as Defendants: the United States of America; the director of the United States Department of Justice; the director of the Administrative Office of the United States Courts; the chairman of the Codes of Judicial Conduct Conference; United States District Judge Max O. Cogburn; and Fourth Circuit Court of Appeals Chief Judge Roger Gregory. [See id. at 1-4]. The Plaintiff describes the rights that were allegedly violated as follows: "This is a 8th Amendment U.S. Constitution rights violation and P.R.E.A. Act of 2003 violation, tampering with a witness, victim, and informant David Meyers in violation of 18 U.S.C. Section 1512 and 1513 illegal kidnapping of David Meyers to murder and David Meyers violation." [Id. at 5]. He claims that he is in "imminent danger" because, on a daily basis, he is being raped, tortured violently with hammers and batons, and forced to use fentanyl, suboxone, heroin, and crystal meth. [Id. at 6]. He seeks an imminent danger evidentiary hearing. [Id. at 6, 8-9]. For relief, the Plaintiff seeks $5 million in compensatory damages, $200,000 in punitive damages, transfer to a Virginia prison or the federal Bureau of Prisons, copies of forms and court correspondences, and an extension of time to comply with "all court orders." [Id. at 8].

The Plaintiff failed to pay the filing fee or submit a motion to proceed in forma pauperis with his Complaint. As such, the Clerk mailed the Plaintiff a Notice of Deficiency, advising the Plaintiff that he must either pay the filing fee or file an application to proceed without prepayment of the filing fee ("IFP Application") within 21 days of the Clerk's Notice. [Doc. 2]. On May 12, 2023, the Plaintiff filed a "Consolidated Motion" along with a completed IFP Application. [Docs. 4, 6]. In his Application, the Plaintiff claims that he is paralyzed, visually impaired, and deaf in one ear, and that he suffers from stomach cancer. [Doc. 6 at 5]. He further alleges that he is being held hostage at the Alexander CI; that the Defendants illegally kidnapped him on April 25, 2023 and transferred him to Foothills CI where "white supremacist prison guards hit [him] in [his] head with iron pipes and tortured [him] and raped [him]"; and that on April 27, 2023, two Foothills "white supremacist racist transportation officers" re-kidnapped him, dragged him out of his wheelchair and threw him headfirst into a blue SUV rather than a handicap van, drove the Plaintiff to a Burger King and offered him food in exchange for sex, drove him to a wooded area within 5 miles of the Burger King where they stripped him, held him in a chokehold, and took turns "forcibly sodomizing" him. [Id. at 5-6]. He further claims that upon arriving at Alexander CI, "Sgt. Ms Byrd and 8 intake unit prison guards made death

threats to taser [him] to death … while they robbed [him] for all [his] active court cases files and legal mail." [Id. at 6].

In the pending "Consolidated Motion" [Doc. 4], the Plaintiff seeks an extension of time to file his IFP Application, and he reiterates his imminent danger arguments. In the Motion to Issue Subpoena, the Plaintiff seeks to records in civil rights actions that the Plaintiff previously filed so that he can "eradicate dirty judges" who are "marshalling the 'state prisons' officials to commit unceasing sexual assaults, rapes, stabbings, hate crimes, illegal kidnappings, and forced [drug] administration on [Plaintiff]." [Doc. 8 at 2].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of the Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

In 2020, the Fourth Circuit held that the Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim

5

upon which relief can be granted.  Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020); see also Meyers v. Brown, No. 2:20-cv-70 (E.D. Va.), Doc. 68 (collecting cases).  A brief review of the Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of Virginia confirms that the Plaintiff is subject to 28 U.S.C. § 1915(g).  See Meyers v. Jones, No. 7:18-cv-414 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. U.S. District Court, 7:18-cv-458 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. Clarke, 7:18-cv-460 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. Northam, No. 7:18-cv-473 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous).  The Court has reviewed the docket in each of these matters and finds that they each count as a "strike" for the purposes of the application of 28 U.S.C. § 1915(g).  See Pitts v. South Carolina, 65 F.4th 141 (4th Cir. 2023).

The Plaintiff, therefore, must show that he is under imminent danger of serious physical injury.  For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  Meyers v. Clarke, 767 Fed.

App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Here, the Plaintiff fails to plausibly allege any facts supporting his claim of imminent danger of serious physical injury. The Plaintiff alleges a series of events that supposedly occurred on April 27, 2023. Allegations regarding such supposed past incidents do not give rise to an inference of a present credible imminent danger. Plaintiff also makes conclusory and vague allegations that he is subjected to rape, torture, and the forcible administration of illegal drugs on a daily basis. The Plaintiff, however, does not allege facts from which the Court can draw reasonable inferences that any credible imminent danger currently exists. Moreover, the Plaintiff's past filings in this Court and others plainly demonstrate that Plaintiff is delusional and under no threat of imminent danger. See, e.g., Meyers v. Hall, No. 7:19-cv-406, 2020 WL 2316092, at *15 (W.D. Va. Feb. 21, 2020), report and recommendation adopted, No. 7:19-cv-250, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (finding that the Plaintiff's claims that "hundreds" of inmates and Virginia DOC employees are trying to murder him are "delusional"). The Court, therefore, will dismiss the Plaintiff's Complaint under § 1915(g). The Plaintiff's pending Motions are denied as moot.

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss this action as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the Order granting Plaintiff in forma pauperis status. The Plaintiff's pending Motions are denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 6] is **DENIED**.

2. This action is **DISMISSED WITHTOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. The Plaintiff's "Consolidated Motion" [Doc. 4] and Motion to Issue Subpoena [Doc. 8] are **DENIED AS MOOT**.

The Clerk is respectfully instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: June 28, 2023

Martin Reidinger
Chief United States District Judge