IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00223-MR-DCK

| | |
|---|---|
| DAVID MEYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se "Motion for the Court to Vacate its Filing Fee's Debt from my NCDPS-NCDAC Prison Trust Fund Account do to U.S. Judge Martin Reidinger 06-29-2023 Witness Tampering, Obstruction of Justice, Extrinsic Fraud, Slander, Libel, and Defamation Dismissal Order." [Doc. 15] (errors uncorrected).[1]

The incarcerated pro se Plaintiff filed this civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act. [Doc. 1]. He argued that he should be permitted to proceed in forma pauperis, despite having three prior "strikes" pursuant to the Prison Litigation Reform Act 28 U.S.C. § 1915(g), because he is in imminent danger of serious physical injury. [Doc. 6]. On initial review, the Court found that the Plaintiff failed to plausibly allege imminent danger and, accordingly, denied his Application to proceed in forma pauperis and dismissed the Complaint without prejudice. [<u>See</u> Doc. 12].

---

[1] The Plaintiff has also filed a "Consolidated Objection" to the Court's Order of dismissal, arguing that his Complaint should not have been dismissed and that he did not receive all pages of the Court's June 29 Order. [Doc. 16]. The Clerk will be instructed to mail the Plaintiff another copy of the June 29 Order as a courtesy. However, the Consolidated Objections will not be addressed further here. [<u>See</u> Doc. 3 at ¶ 5 (Order of Instructions informing the Plaintiff that "[o]nly Motions will be ruled on by the Court.")].

The Plaintiff now appears to move the Court to vacate its Order directing the prison to transmit funds from Plaintiff's prisoner trust account to cover paying the filing fee in this case because the Court erroneously dismissed the Complaint. [Doc. 15 at 1]. The Plaintiff's Motion to vacate the filing fee is moot because the Plaintiff's IFP Application was denied, and the Court has not ordered the Plaintiff's prison to withdraw any funds from his trust account to pay the filing fee in this case. Accordingly, the Plaintiff's Motion is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se "Motion for the Court to Vacate its Filing Fee's Debt from my NCDPS-NCDAC Prison Trust Fund Account…." [Doc. 15] is **DENIED AS MOOT**.

The Clerk is respectfully instructed to mail the Plaintiff a copy of both the Court's June 29, 2023 Order [Doc. 12] and this Order.

**IT IS SO ORDERED.**

Signed: July 18, 2023

David C. Keesler
United States Magistrate Judge